IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                              Plaintiff,                 Case No. 3:10 CR 435

       -vs-

                                                  O  R  D  E  R

JASON JAHNS
PAUL JENKINS,

                             Defendant.

KATZ, J.

      This matter is before the Court on the government's unopposed motion for clarification of the March 19, 2012 Memorandum Opinion and Order.  The government correctly contends that the Court's discussion of the Jenkins' Tennessee conviction for burglary and theft require clarification.

      As noted in the March 19th Memorandum, the government bears the burden of proof on whether the convictions qualify as predicates under the Armed Career Criminal Act ("ACCA").  *United States v. Goodman*, 519 F.3d 310, 316 (6th Cir. 2008).

      The Court employs a categorical approach when determining whether an offense constitutes a violent felony for purposes of the ACCA.  *Sykes v. United States*, 131 S.Ct. 2267, 2273 (2011).  To qualify as a violent felony, the crime must be punishable by imprisonment of more than one year and "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).

      The Defendant does not dispute he has a conviction for burglary from Scott County, Tennessee.  In his sentencing memoranda, however, he challenges the automatic qualification of a

prior conviction as a predicate offense, arguing it may be the initial inquiry.  (Doc. No. 42 at p. 10-11.)  The discussion in *United States v. Vanhook*, 640 F.3d 706 (6th Cir. 2011), regarding the Tennessee burglary statutes, belies the Defendant's position:

> The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.

*Id*. at 711 quoting *Taylor v. United States*, 495 U.S. 575, 588 (1990).   Thus, as a specific offense listed in §924(e)(2)(B)(ii), burglary qualifies as a violent felony.

Assuming, for the sake of argument, that the Tennessee statute[1] can be construed as ambiguous, the Court may consider "the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005).

In this case, the criminal information for the Tennessee burglary states as follows:

---

[1]**§ 39-14-402. Burglary**

(a) A person commits burglary who, without the effective consent of the property owner:

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;

(2) Remains concealed, with the intent to commit a felony, theft or assault in a building:

(3) Enters a building and commits or attempts to commit a felony, theft or assault; or

(4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempt to commit a felony, theft or assault.

(b) As used in this section, "enter" means:

(1) Intrusion on any part of the body; or

(2) Intrusion of any object in physical contact with the body or any object controlled by remote control, electronic or otherwise.

(c) Burglary under subdivision (a)(1), (2) or (3) is a Class D Felony.

(d) Burglary under subdivision (a)(4) is a Class E Felony.

Tenn. Code Ann (West 2012).  Additionally, a Class D felony is defined as theft of property valued at between $1,000 or more but less than $10,000. Tenn. Code Ann §39-14-105.

3

COUNT 1

The District Attorney General for the State of Tennessee, 8th Judicial District, including the County of Scott in the State Tennessee, presents the following criminal information: That

**Josh Norman aka Paul T. Jenkins**

prior to the filing of this information, on or about June 30, 2004, in the County and States aforesaid did unlawfully, feloniously, intentionally, knowingly and without the effective consent of the owner, enter the habitation of Richard Hollingworth, and did commit a theft therein, against the peace and dignity of the State of Tennessee.

(Doc. No. 78-1.)  As previously noted by the Court in *Taylor*, *supra*, burglary creates the possibility of a violent confrontation.  Here, the Defendant was charged with entering the habitation and committing a theft.  This information is sufficient to qualify this offense as a serious risk of harm.  As such, the Defendant's conviction on the burglary charge is considered as a predicate offense for purposes of the ACCA.

For the reasons stated above, the government's motion for clarification is granted. Defendant Jenkins' Tennessee convictions for burglary and theft qualify as felony convictions for purposes of the ACCA.

IT IS SO ORDERED.

_S/ David A. Katz_____
DAVID A. KATZ
U. S. DISTRICT JUDGE

4